UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: JURY ISSUE | ) ) ) ) ) ) ) ) | Civil Action No. 07-mc-505 (RMC) |

ANSWER

Pursuant to Fed. R. Civ. P. 7(a) and 8(b), the District of Columbia, D.C. Public Schools ("DCPS"), and Principal Cheryl Warley (collectively, "the District"), by and through undersigned counsel, hereby respectfully answer the Petition of Juror Lilliann Williams Pursuant to the Jury System Improvements Act ("Petition") in the above-captioned case (comprising nine pages, and 38 numbered and unnumbered paragraphs). For ease of reference only, the District utilizes the headings appearing in the Petition in responding to the paragraphs of the Petition below.

FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted against the District.

SECOND DEFENSE

In response to the numbered allegations of the Petition, the District states as follows:

**PETITION OF JUROR LILLIANN WILLIAMS
PURSUANT TO THE JURY SYSTEM IMPROVEMENTS ACT**

The allegations in the unnumbered paragraph following this heading are petitioner's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**Introduction**

1. The District admits the allegations in the first three sentences of paragraph 1 of the

Petition. The allegations in the fourth sentence of paragraph 1 of the Petition are petitioner's factual characterizations to which no answer is required. The District admits the allegations in the fifth sentence of paragraph 1.

2. The allegations in paragraph 2 of the Petition are petitioner's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## Jurisdiction

3. The allegations in paragraph 3 of the Petition are petitioner's legal conclusions to which no answer is required.

## Relevant Parties

4. The District admits the allegations in paragraph 4 of the Petition.

5. The District admits the allegations in paragraph 5 of the Petition.

6. The District the allegations in paragraph 6 of the Petition.

## Factual Background
### LilliAnn's Employment with the D.C. Government

7. The District admits the allegations in paragraph 7 of the Petition, and avers that they are immaterial to the instant matter.

8. The District admits the allegations in the first two sentences of paragraph 8 of the Petition. The allegations in the third sentence of paragraph 8 are petitioner's factual characterizations to which no answer is required.

9. The District denies the allegations in the first sentence of paragraph 9 of the Petition. The District admits the allegations in the second and third sentences of paragraph 9.

10. The District admits the allegations in the first sentence of paragraph 10 of the Petition. The District denies the remaining allegations in paragraph 10.

11. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the first four and sixth sentences of paragraph 11 of the Petition. The District denies the allegations in the fifth sentence of paragraph 11.

### Principal Warley's Campaign of Coercion and Intimidation
### In Connection With Ms. Williams' Jury Service

12. The District admits that Principal Warley called the clerk to confirm petitioner's jury service, and denies the remaining allegations in paragraph 12 of the Petition.

13. The District admits the allegations in the first sentence of paragraph 13 of the Petition. The District admits that Principal Warley had a brief conversation with the referenced building engineer, and denies the remaining allegations in paragraph 13.

14. The District denies the allegations in the first sentence of paragraph 14 of the Petition. The allegations in the second sentence of paragraph 14 are petitioner's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

15. The allegations in the first sentence of paragraph 15 are petitioner's factual characterizations to which no answer is required. The allegations in the remainder of paragraph 15 are petitioner's factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

16. The allegations in paragraph 16 are petitioner's factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that Ms. Williams failed to complete the referenced special-education reports, and denies the remaining allegations.

17. The District admits that petitioner "was asked by Principal Warley to sign a performance evaluation that lowered her rating from 'Exceeds Expectations' to 'Meets Expectations'" and that

"Principal Warley did not observe Ms. Williams for evaluation purposes" and that Principal Warley agreed to void the evaluation after contact by the union. The District denies the remaining allegations in paragraph 17.

### Principal Warley Successfully Had Ms. Williams Declared Excess to the Needs of J.O. Wilson—Ending Ms. Williams [sic] Tenure at the School

18. The District admits that J.O. Wilson's Local School Restructuring Team ("LSRT"), of which Principal Warley was a member, recommended to DCPS that the school's guidance-counselor and instructional facilitator positions be excessed. The District denies the remaining allegations in paragraph 18.

19. The District admits that petitioner "was never told by Principal Warley that she had been excessed." The remaining allegations in paragraph 19 of the Petition are petitioner's factual characterizations to which no answer is required; however, to the extent a response is required, the District denies the allegations.

20. The allegations in the first sentence of paragraph 20 are petitioner's factual characterizations to which no answer is required. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the second sentence of paragraph 20.

21. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 21 of the Petition. The allegations in the remainder of paragraph 21 are petitioner's factual characterizations and legal conclusions to which no answer is required.

### Unsuccessful Efforts Towards Resolution with the DCPS

22. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 22 of the Petition.

23. The District admits the allegations in paragraph 23 of the Petition.

24. The District admits that it received the referenced letter, which is the best evidence of its content.

25. The District admits the first sentence of paragraph 25 of the Petition. The allegations in the remainder of paragraph 25 are petitioner's factual characterizations or conclusions to which no answer is required.

### The Juror Act

26. The allegations in paragraph 26 of the Petition are petitioner's legal conclusions to which no answer is required.

27. The allegations in paragraph 27 of the Petition are petitioner's legal conclusions to which no answer is required.

28. The allegations in paragraph 28 of the Petition are petitioner's legal conclusions to which no answer is required.

29. The allegations in paragraph 29 of the Petition are petitioner's legal conclusions to which no answer is required.

30. The allegations in paragraph 30 of the Petition are petitioner's legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

### Relief Requested

The allegations in the six (6) numbered and unnumbered paragraphs which appear directly following the heading "Relief Requested" are petitioner's prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be

awarded and requests that this Court dismiss the Petition with petitioner taking nothing by way of damages, fees, or costs against the District.

The District further answers that all allegations in the Petition which are not specifically admitted or otherwise answered are hereby denied.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### FOURTH DEFENSE

The District and its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, toward the petitioner in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

### FIFTH DEFENSE

Neither attorneys' fees nor costs are recoverable against the District in this case.

### SIXTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

DATE: December 10, 2007            Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

-7-