UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LILLIANN WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>)<br>Defendant. )<br>) | Civil Action No. 1:-07-mc-505 |

## NOTICE OF FILING

During the trial testimony of Plaintiff's rebuttal witness Marion Lomax-Scott on June 25, 2008, the Court requested copies of the following documents: 1) the decision rendered in the grievance filed against the District of Columbia Public School System by Ms. Lomax-Scott; and 2) the appeal filed in that matter. Those documents are attached to this Notice for the record.

Respectfully submitted,

July 11, 2008

/s/ Gregory S. Kaufman
Gregory S. Kaufman (D.C. Bar No. 464208)
Kerry B. Verdi (D.C. Bar No. 478486)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel. No. (202) 383-0100
Fax No. (202) 637-3593

Notice: This decision may be formally revised before it is published in the District of Columbia Register. Parties should promptly notify the Office Manager of any formal errors so that this Office can correct them before publishing the decision. This notice is not intended to provide an opportunity for a substantive challenge to the decision.

# THE DISTRICT OF COLUMBIA

## BEFORE

## THE OFFICE OF EMPLOYEE APPEALS

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| Marion Lomax-Scott | ) OEA Matter No. 1601-0017-07 |
| Employee | ) |
| | ) Date of Issuance: March 13, 2007 |
| v. | ) |
| | ) Joseph E. Lim, Esq. |
| D.C. PUBLIC SCHOOLS | ) Senior Administrative Judge |
| Agency | ) |
| | ) |

Marion Lomax-Scott, Employee *pro se*
Michael Levy, Esq., Agency Representative

## INITIAL DECISION

### INTRODUCTION

On November 17, 2006, Employee filed a petition for appeal from Agency's decision to terminate her employment as a Business Manager, EG-11, effective December 8, 2006 to "equitably distribute resources across the district to align those resources with student enrollment."[1]

This matter was assigned to the undersigned judge on January 17, 2007. I held a prehearing conference on February 16, 2007. Afterwards I issued a Post Conference Order with instructions to submit, *inter alia*, explanations regarding the basis of the termination and why the action was proper or improper no later than March 2, 2007.

Based on the record, including recent submissions and arguments by the parties, this Judge found that further proceedings were not warranted and made the following decision. The record is closed.

### JURISDICTION

This Office has jurisdiction in this matter pursuant to D.C. Official Code § 1-606.03 (2001).

---

[1] November 9, 2006 notice to Employee.

Ex. 1

## ISSUES

1) Whether this Office has jurisdiction in this matter; and

2) If so, whether Employee's termination was improper and should be overturned.

## FINDINGS OF FACT, ANALYSIS AND CONCLUSIONS

By advance notice dated November 9, 2006, Employee was advised that she would be terminated effective December 8, 2006. The notice read, in pertinent part, as follows:

> It is necessary for the District of Columbia Public Schools (DCPS) to equitably distribute resources across the district to align those resources with student enrollment. In order to effectuate this goal, DCPS must align staff to meet the needs of the school system. Based on student enrollment, your position has been identified as surplus at the school to which you are currently assigned. We regret to inform you that your services as Business Manager at JO Wilson ES and Young ES are no longer required.

Positions of the Parties

Agency asserts that Employee was separated from her employment due to "reconciliation." It describes this as a change in the school's budget allocation based on student enrollment. Agency asserts that Employee was placed on a retention register for two years where she will be eligible for re-employment if any vacancies occur.

Agency contends that since this matter is a "reconciliation" and, as such does not fall within the jurisdiction of the Office of Employee Appeals (OEA). Agency concludes that since it is not a matter cited in Title 1-606.03(a) of the D.C. Official Code (Appeal Procedures) such as "a performance rating which results in removal of the employee..., an adverse action for cause that results in removal, reduction in grade, or suspension for 10 days or more...," then this Office has no jurisdiction over this appeal.

Agency argues that even if OEA has jurisdiction, Title 38-102(a) of the D.C. Official Code gives the Board of Education the authority to determine all questions of general policy relating to the schools; appoint and evaluate the Superintendent responsible for the day to day operation of the schools. Included in the day to day operations is the budget allocation pursuant to the weighted student formula. The Superintendent, through his staff, allocates the budget for schools each year based on student population. If that population decreases from the projected number, the Superintendent must realign the staff at the schools in order to comply with the budget and the

weighted student formula. Agency concludes, "...even if jurisdiction could be established, Employee can assert no basis in law or fact that would entitle him to relief since the Board of Education and Superintendent have broad authority in the day-to-day operations of the school system to realign staff to conform with the requirements of the school system's reconciliation process set forth in Resolution R07-04, the Local School Budget Reconciliation For School Year 2006-2007.

Agency further states that the Collective Bargaining Agreement (CBA) reached between Agency and the Council of School Officers to which Business Managers such as Employee belong, does not contain any provision that addresses separations resulting from reconciliation.

Employee did not present any argument as to why her termination is improper. She simply attached a copy of Resolution R07-04 and a Budget Development and Staffing Guide for School Year 2006-2007.

OEA has jurisdiction

Agency argues that this matter constitutes an action taken in accordance with the broad powers of the Board of Education and the Superintendent and is thus not an action over which this Office has jurisdiction. However, Agency has not demonstrated that this matter is anything but an improper termination of employment, over which this Office does have jurisdiction. In fact, none of the statutes or regulations that Agency cites strips this Office of jurisdiction over an improper termination of employment. In addition, Agency's argument that the position was abolished due to budgetary reasons indicates that its action was in reality a reduction-in-force (RIF).

The November 9, 2006 notice, set forth above, informed Employee that she will be "separated from service" effective a month later, but that she has the right to appeal said action with this Office. This language is consistent with both a RIF notice or a proposed removal or a summary removal. But if this action was a RIF, there is no evidence that Agency followed the proper RIF procedures, such as placing and evaluating the employee in her proper competitive level before the RIF action was taken. On the other hand, if this was a removal, the notice should contain a statement of "cause" for the action, and a paragraph explaining how Employee could respond to the action and/or appeal it.[2] Since the above referred document did not state a cause, Agency's action is indicative of an adverse action without cause.

Without a proper legal basis, Agency cannot legitimize an unlawful termination of its employees simply by terming the termination as a "reconciliation". Further, Agency's admission that its CBA with Employee's union does not provide for a separation from service due to a "reconciliation" casts further doubt on the legitimacy of the termination.

---

[2] These requirements would not be necessary if Employee was in an "at-will" position. However, there is no indication in the record that he was in such a position.

<u>Whether Employee's termination was improper</u>

Based on the entire record, this judge concludes that Agency's action removing Employee was either an improper RIF or an adverse action taken without cause. Thus, it is an improper action and as such must be reversed.[3]

<u>ORDER</u>

It is hereby ORDERED that:

1) Agency's action removing Employee is REVERSED;

2) Agency reinstate Employee and reimburse him all pay and benefits lost as a result of the removal; and

3) Agency file with this Office documents showing compliance with the terms of this Order within thirty (30) days of the date on which this decision becomes final.

FOR THE OFFICE:  _____
                 Joseph E. Lim, Esq.
                 Senior Administrative Judge

## NOTICE OF APPEAL RIGHTS

This is an initial decision that will become a final decision of the Office of Employee Appeals unless either party to this proceeding files a **petition for review** with the Office. A **petition for review** must be filed within thirty-five (35) calendar days, including holidays and weekends, of the issuance date of the initial decision in this case.

All petitions for review must set forth objections to the initial decision and establish that:

1. New and material evidence is available that, despite due diligence, was not available when the record was closed;
2. The decision of the presiding official is based on an erroneous interpretation of statute, regulation or policy;
3. The findings of the presiding official are not based on substantial evidence; or
4. The initial decision did not address all the issues of law and fact properly raised in the appeal.

All petitions for review should be supported by references to applicable laws or regulations and make specific reference to the record. The petition for review, containing a certificate of service, must be filed with the Administrative Assistant, D.C. Office of Employee Appeals, 717- 14th Street, N.W., 3rd Floor, Washington, D.C. 20004. Four (4) copies of the petition for review must be filed.

-2-

Parties wishing to respond to a petition for review must file their response not later than thirty-five (35) calendar days, including holidays and weekends, after the filing of the petition for review.

Instead of filing a petition for review with the Office, either party may file a petition for review in the Superior Court of the District of Columbia within 30 days after service of formal notice of the final decision to be reviewed or within 30 days after the decision to be reviewed becomes a final decision under applicable statute or agency rules, whichever is later. To file a petition for review with the Superior Court, the petitioning party should consult Superior Court Civil Procedure Rules, XV. Agency Review, Rule 1.

CERTIFICATE OF SERVICE

I certify that the attached **ORDER** was sent by regular mail this day to:

Marion Lomax-Scott
1406 Ridge Place, SE
Washington, DC 20020

Michael Levy, Esq.
Office of the General Counsel
DC Public Schools
825 North Capitol St., NE
9th Floor
Washington, DC 20002

_____
Katrina Hill
Clerk

March 13, 2007
Date

THE DISTRICT OF COLUMBIA

BEFORE

THE OFFICE OF EMPLOYEE APPEALS (OEA)

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| Marion Lomax-Scott, | ) OEA Matter No. 1601-0017-07 |
| Employee | ) |
| | ) Initial Decision Issued: |
| | ) March 13, 2007 |
| v. | ) |
| | ) Joseph E. Lim, Esq. |
| D. C. PUBLIC SCHOOLS, | ) Senior Administrative Judge |
| Agency | ) |
| | ) |

**MOTION TO STAY RELIEF PURSUANT TO PETITION FOR REVIEW OF INITIAL DECISION**

**THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS** ("DCPS") hereby MOVES the Board of the Office of Employee Appeals ("OEA") to stay all relief to the Employee pending the Board's decision on the Agency's Petition for Review of the Initial Decision of Senior Administrative Judge, Joseph E. Lim, Esq. issued on March 13, 2007. That Petition ("Exhibit 1") was filed herein by the Agency on April 18, 2007 in accordance with the Rules and Regulations of the OEA, specifically Title 6 DCMR, Chapter 6 Rule 634.3(a).

Agency asserts that staying any relief due to the Employee under the Initial Decision is appropriate in the circumstances to prevent prejudice and undue burden to the Agency and is permissible in accordance with the Board's broad discretion under OEA Rule 634 generally and Rule 634.7 specifically.

Respectfully submitted,

Michael D. Levy, Esq.
Attorney Advisor,
Office of the General Counsel, DCPS

Ex. 2

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion to Stay Relief Pursuant to Petition for Review and supporting exhibit(s) were sent on this 18th day of April, 2007 to the Employee by United States Mail and as otherwise indicated below:

Marion Lomax-Scott
1406 Ridge Place, SE
Washington, DC 20020
Email: Marionlomaxscott@aol.com

Michael D. Levy, Esq.
Attorney Advisor,
Office of the General Counsel, DCPS

# THE DISTRICT OF COLUMBIA

## BEFORE

## THE OFFICE OF EMPLOYEE APPEALS (OEA)

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| Marion Lomax-Scott, | ) OEA Matter No. 1601-0017-07 |
| Employee | ) |
| | ) Initial Decision issued: |
| | ) March 13, 2007 |
| v. | ) |
| | ) Joseph E. Lim, Esq. |
| D. C. PUBLIC SCHOOLS, | ) Senior Administrative Judge |
| Agency | ) |
| | ) |

## PETITION FOR REVIEW OF INITIAL DECISION

**THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS** ("DCPS") hereby petitions the Board of the Office of Employee Appeals to review the Initial Decision of Senior Administrative Judge, Joseph E. Lim, Esq. issued on March 13, 2007 ("Exhibit 1") for the following reasons and on the following grounds:

1. The decision of the presiding official is based on an erroneous interpretation of statute, regulation or policy; and
2. The findings of the presiding official are not based on substantial evidence.

Specifically Agency asserts that this matter should not be determined at this juncture without the Agency having an opportunity to adduce testimony from its witnesses, Noah Wepman, Deputy Director of Resource Allocations and Management, Office of the Superintendent and Valarie Sheppard, Director of Staffing and Employment Services, Office of Human Resources.

Furthermore, according to the Honorable Judge's Initial Decision, "[e]mployee did not present any argument as to why termination is improper. She simply attached a copy of Resolution R07-04 and a Budget Development and Staffing Guide for School Year 2006-2007." On its face, such a finding points to the absence of substantial evidence for arriving at his ultimate conclusion to reverse the Agency's action separating the Employee.

DCPS therefore petitions the Board to review Judge Joseph E. Lim's Initial Decision and set the matter down to be heard by the full Board.



Respectfully submitted,

Michael D. Levy, Esq.
Attorney Advisor,
Office of the General Counsel, DCPS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Petition for Review and supporting exhibits were sent on this 18th day of April, 2007 to the Employee by United States Mail and as otherwise indicated below:

Marion Lomax-Scott
1406 Ridge Place, SE
Washington, DC 20020
Email: Marionlomaxscott@aol.com

Michael D. Levy, Esq.
Attorney Advisor,
Office of the General Counsel, DCPS

Notice: This decision may be formally revised before it is published in the District of Columbia Register. Parties should promptly notify the Office Manager of any formal errors so that this Office can correct them before publishing the decision. This notice is not intended to provide an opportunity for a substantive challenge to the decision.

# THE DISTRICT OF COLUMBIA

## BEFORE

## THE OFFICE OF EMPLOYEE APPEALS

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| Marion Lomax-Scott ) | OEA Matter No. 1601-0017-07 |
| Employee ) | |
| ) | Date of Issuance: March 13, 2007 |
| v. ) | |
| ) | Joseph E. Lim, Esq. |
| D.C. PUBLIC SCHOOLS ) | Senior Administrative Judge |
| Agency ) | |

Marion Lomax-Scott, Employee *pro se*
Michael Levy, Esq., Agency Representative

## INITIAL DECISION

### INTRODUCTION

On November 17, 2006, Employee filed a petition for appeal from Agency's decision to terminate her employment as a Business Manager, EG-11, effective December 8, 2006 to "equitably distribute resources across the district to align those resources with student enrollment."[1]

This matter was assigned to the undersigned judge on January 17, 2007. I held a prehearing conference on February 16, 2007. Afterwards I issued a Post Conference Order with instructions to submit, *inter alia*, explanations regarding the basis of the termination and why the action was proper or improper no later than March 2, 2007.

Based on the record, including recent submissions and arguments by the parties, this Judge found that further proceedings were not warranted and made the following decision. The record is closed.

### JURISDICTION

This Office has jurisdiction in this matter pursuant to D.C. Official Code § 1-606.03 (2001).

---

[1] November 9, 2006 notice to Employee.

EXHIBIT 1

1601-0017-07
Page 2

## ISSUES

1) Whether this Office has jurisdiction in this matter; and

2) If so, whether Employee's termination was improper and should be overturned.

## FINDINGS OF FACT, ANALYSIS AND CONCLUSIONS

By advance notice dated November 9, 2006, Employee was advised that she would be terminated effective December 8, 2006. The notice read, in pertinent part, as follows:

> It is necessary for the District of Columbia Public Schools (DCPS) to equitably distribute resources across the district to align those resources with student enrollment. In order to effectuate this goal, DCPS must align staff to meet the needs of the school system. Based on student enrollment, your position has been identified as surplus at the school to which you are currently assigned. We regret to inform you that your services as Business Manager at JO Wilson ES and Young ES are no longer required.

### Positions of the Parties

Agency asserts that Employee was separated from her employment due to "reconciliation." It describes this as a change in the school's budget allocation based on student enrollment. Agency asserts that Employee was placed on a retention register for two years where she will be eligible for re-employment if any vacancies occur.

Agency contends that since this matter is a "reconciliation" and, as such does not fall within the jurisdiction of the Office of Employee Appeals (OEA). Agency concludes that since it is not a matter cited in Title 1-606.03(a) of the D.C. Official Code (Appeal Procedures) such as "a performance rating which results in removal of the employee..., an adverse action for cause that results in removal, reduction in grade, or suspension for 10 days or more...." then this Office has no jurisdiction over this appeal.

Agency argues that even if OEA has jurisdiction, Title 38-102(a) of the D.C. Official Code gives the Board of Education the authority to determine all questions of general policy relating to the schools; appoint and evaluate the Superintendent responsible for the day to day operation of the schools. Included in the day to day operations is the budget allocation pursuant to the weighted student formula. The Superintendent, through his staff, allocates the budget for schools each year based on student population. If that population decreases from the projected number, the Superintendent must realign the staff at the schools in order to comply with the budget and the

1601-0017-07
Page 3

weighted student formula. Agency concludes, "...even if jurisdiction could be established, Employee can assert no basis in law or fact that would entitle him to relief since the Board of Education and Superintendent have broad authority in the day-to-day operations of the school system to realign staff to conform with the requirements of the school system's reconciliation process set forth in Resolution R07-04, the Local School Budget Reconciliation For School Year 2006-2007.

Agency further states that the Collective Bargaining Agreement (CBA) reached between Agency and the Council of School Officers to which Business Managers such as Employee belong, does not contain any provision that addresses separations resulting from reconciliation.

Employee did not present any argument as to why her termination is improper. She simply attached a copy of Resolution R07-04 and a Budget Development and Staffing Guide for School Year 2006-2007.

<u>OEA has jurisdiction</u>

Agency argues that this matter constitutes an action taken in accordance with the broad powers of the Board of Education and the Superintendent and is thus not an action over which this Office has jurisdiction. However, Agency has not demonstrated that this matter is anything but an improper termination of employment, over which this Office does have jurisdiction. In fact, none of the statutes or regulations that Agency cites strips this Office of jurisdiction over an improper termination of employment. In addition, Agency's argument that the position was abolished due to budgetary reasons indicates that its action was in reality a reduction-in-force (RIF).

The November 9, 2006 notice, set forth above, informed Employee that she will be "separated from service" effective a month later, but that she has the right to appeal said action with this Office. This language is consistent with both a RIF notice or a proposed removal or a summary removal. But if this action was a RIF, there is no evidence that Agency followed the proper RIF procedures, such as placing and evaluating the employee in her proper competitive level before the RIF action was taken. On the other hand, if this was a removal, the notice should contain a statement of "cause" for the action, and a paragraph explaining how Employee could respond to the action and/or appeal it.[2] Since the above referred document did not state a cause, Agency's action is indicative of an adverse action without cause.

Without a proper legal basis, Agency cannot legitimize an unlawful termination of its employees simply by terming the termination as a "reconciliation". Further, Agency's admission that its CBA with Employee's union does not provide for a separation from service due to a "reconciliation" casts further doubt on the legitimacy of the termination.

---

[2] These requirements would not be necessary if Employee was in an "at-will" position. However, there is no indication in the record that he was in such a position.

1401-0017-07
Page 4

<u>Whether Employee's termination was improper</u>

Based on the entire record, this judge concludes that Agency's action removing Employee was either an improper RIF or an adverse action taken without cause. Thus, it is an improper action and as such must be reversed.

<u>ORDER</u>

It is hereby ORDERED that:

1) Agency's action removing Employee is REVERSED;

2) Agency reinstate Employee and reimburse him all pay and benefits lost as a result of the removal; and

3) Agency file with this Office documents showing compliance with the terms of this Order within thirty (30) days of the date on which this decision becomes final.

FOR THE OFFICE:  _____
Joseph E. Lim, Esq.
Senior Administrative Judge

See also _____, Dr. PS. OHA Matter No. ____, D.C. R. _ (2006).